## UNENFORCIBLE CONTRACT PROCURED BY REAL ESTATE AGENTS.

Common Pleas Court of Hamilton County.

G. W. DURRELL AND THE KAUFHOLD REALTY COMPANY V. STATIA B. REYNOLDS, INDIVIDUALLY, AND AS EXECUTOR AND TRUSTEE OF THE ESTATE OF E. B. REYNOLDS, DECEASED.

Decided December 1, 1914.

*Contracts—Real Estate Agent Not Entitled to a Commission for Procuring a Purchaser for Property Unless He Procures an Enforcible Contract—Test as to Whether a Contract is Enforcible.*

1. A real estate agent employed to procure a purchaser for property is entitled to compensation only in the event a sale is effected, or on default of the seller to deed the property if the agent has secured a valid and enforcible contract of sale. *Pfanz* v. *Humburg*, 82 Ohio St., 1.
2. A real estate agent who procured a contract of sale signed "Estate of L. B. H., C. L. H. et al, trustees," there being three trustees, is not entitled to his commissions in the absence of evidence showing C. L. H's authority to sign the contract on behalf of his co-trustees.
3. Such a contract is unenforcible against the estate and against C. L. H. individually.
4. The test of an enforcible contract is whether a court of equity would decree specific performance.

*Hunt, Bennett & Utler,* for the plaintiffs.
*Powell & Smiley,* contra.

MAY, J.

At the conclusion of all the evidence in this case, both sides made a motion for a directed verdict, and neither side desiring to go to the jury on any question of fact, the testimony was submitted to the court. The action is to recover from the defendants $1,800 for commissions earned in procuring a customer for the sale of certain real estate devised to the defendants by the last will and testament of E. B. Reynolds, deceased.

The plaintiffs "were authorized to procure a purchaser for the real estate," and defendants "agree to pay a commission of three per cent. on the amount for which said property may be sold." The purchase price was $60,000. The owners of the property guaranteed the title good.

On April 18, 1913, the plaintiffs procured to the contract of sale the following acceptance:

"CINCINNATI, OHIO, April 18, 1913.
"We hereby agree to purchase the above described property at the price and upon the terms above stated.
                "Signed, ESTATE OF L. B. HARRISON,
                        "C. L. HARRISON ET AL, TRUSTEES."

The sale was not consummated, the evidence showing that the estate of L. B. Harrison, through its attorneys, Frank Cottle and Rufus B. Smith, demanded of the owners of the property certain quit-claim deeds, or that an action be brought to construe the will of E. B. Reynolds, with which request the owners refused to comply.

The only question in this case is, did the plaintiffs, as real estate agents, procure a contract of purchase and sale which the owners could enforce?

In Ohio it is now settled by the case of *Pfanz* v. *Humburg*, 82 Ohio St., 1, that where an agent is employed to procure a purchaser for the sale of real estate he is not entitled to his commission where he fails to procure a contract of purchase and sale which the owners could enforce; that under his contract of agency he is required either to make a sale or to secure a valid contract for the sale in order to receive compensation.

The evidence produced on behalf of the plaintiffs showed that the trustees of the estate of L. B. Harrison at the time of the signature to the contract of sale were three in number, to-wit, C. L. Harrison, Rufus B. Smith and E. P. Harrison.

The will of L. B. Harrison, deceased, was not introduced in evidence, and there is no evidence to show that C. L. Harrison individually was authorized to contract as trustee on behalf of his co-trustees. It needs no citation of authorities to establish the fact that where there is more than one trustee, that all

trustees must sign a contract to bind the trust estate.   Indeed, this was admitted by counsel for the plaintiffs.   It is contended, however, that the contract is an enforceable one; because, signed in the manner that it was, "The Estate of L. B. Harrison, C. L. Harrison et al, trustees," it became the individual contract of C. L. Harrison, and C. L. Harrison was individually liable, and as the evidence showed he was financially responsible, the real estate agents were entitled to their commissions.

In order to determine whether the contract is an enforceable contract, it is necessary to ascertain whether this contract was one which a court of equity would enforce specifically.   If in a suit for specific performance against C. L. Harrison individually, C. L. Harrison could successfully contend that the contract was not an enforceable one, then the plaintiffs would not be entitled to judgment.   I am of the opinion that this contract is not a contract which a court of equity would have enforced specifically against C. L. Harrison individually.   Learned counsel for the plaintiffs have shown beyond a doubt that contracts entered into by trustees bind trustees individually.   Of this there can be no doubt and all cases cited by counsel in their exhaustive briefs bear out this contention.

The reason why trustees are individually bound is stated by Mr. Justice Story in his work on Promissory Notes, Section 63:

"As to trustees, guardians, executors, and administrators, and other persons acting *en autre droit,* they are, by our law, generally held personally liable on promissory notes, because they have no authority to bind, *ex directo,* the persons for whom, or for whose benefit, or for whose estate they act; and hence, to give any validity to the note, they must be deemed personally bound as makers."

This principle was applied in the case of *Reiff* v. *Mullholland et al,* 65 Ohio St., 178.   But these cases are no authority for the proposition that a court of equity will grant specific performance against one individually who signs a contract of purchase as trustee.

At the trial, C. L. Harrison testified as follows:

"Direct Examination.

"By Mr. Hunt—

"Q.   Were you ready to perform that contract?   A. Yes, sir.

"By the Court—

"Q. You mean the estate was ready to perform that con-contract? A. Yes, sir, the estate was ready.

\* \* \* \* \* \*

"Cross-Examination.

"By the court—

"Q. Did you have any intention individually of buying this property? A. I had no such intention."

In the suit for specific performance, C. L. Harrison undoubtedly could have successfully defended on the ground of mistake, in other words, a court of equity finding as a matter of fact that C. L. Harrison did not intend to contract individually, but only in his trust capacity, would not have enforced specific performance against him. Even if the instrument, executed in the manner that this contract was executed, had been a promissory note, it seems that C. L. Harrison could have successfully maintained an action for reformation of this instrument in order to avoid individual liability.

In *Reiff* v. *Mullholland, ubi supra,* Judge Shauck, at page 184, says:

"This liability (the individual liability of one signing as trustee) appears to have been recognized when the defendants filed their cross-petition alleging that the note was drawn and executed in its present form by mistake, and that it was intended that the instrument should be the obligation of the association instead of the defendants, and praying for its reformation so that it should conform to that intention. That is the proper mode of seeking relief on account of mistake. It recognizes the familiar doctrine that mistakes in written instruments are not corrected at law, that in the absence of fraud the written stipulations of parties must stand until they are corrected in equity where the facts necessary to reformation are found by the court instead of a jury, and where there is required evidence of greater probative effect than a mere preponderance."

If, therefore, a promissory note signed by a trustee could so be reformed to enable the trustee to escape individual liability, it necessarily follows that in an action in equity to enforce specific performance of a contract for the purchase of land against one

individually who has signed as trustee, such a contract could be reformed and the trustee would escape individual liability.

The plaintiffs contend, however, that C. L. Harrison is individually liable on the contract of sale and that therefore an enforceable contract of sale has been obtained. The undisputed evidence is that C. L. Harrison did not intend to be bound individually. See his testimony above set forth. Objection was made to the competency of this testimony; still it was admissible under the ruling as set forth in the last paragraph of the opinion of our circuit court in *Fleischmann* v. *Shoemaker*, 2 C. C., 152, at 162.

Then again, after the plaintiffs gave the defendants a copy of the contract the defendants opened up negotiations with the trustees of the Estate of L. B. Harrison and their attorneys, and not with C. L. Harrison individually, thus showing that both parties to the contract thought they were dealing with the estate of L. B. Harrison. The evidence also shows that the defendants as vendors under the contract, executed a deed to the trustees of L. B. Harrison and tendered the same to said trustees in performance of the contract. This clearly appears that the defendants did not treat C. L. Harrison as individually bound in the agreement. All the parties, the plaintiffs as real estate agents, the defendants as vendors, and C. L. Harrison as trustee, thought that the sale had been made to the trustees of the L. B. Harrison estate and not to C. L. Harrison individually. These being the undisputed facts no court of equity would decree specific performance against C. L. Harrison individually because of the mutual mistake of the parties. If then, there could be no specific performance of the contract against C. L. Harrison individually, it being admitted that the estate was not bound because all three trustees did not sign the contract, then there was no enforceable contract of sale procured and the defendants are not liable to the plaintiffs for their commissions.

Another answer might be given to the plaintiffs' contention that C. L. Harrison in signing "The Estate of L. B. Harrison, C. L. Harrison et al, trustees," became bound individually. Admitting for the purpose of the argument that a contract signed "The Estate of L. B. Harrison, C. L. Harrison, trustee," binds

C. L. Harrison individually, still this is not the contract in the case at bar. Here the contract is signed "The Estate of L. B. Harrison, C. L. Harrison et al, trustees." If there were but one trustee the trustee is held to be personally liable on the theory that as the estate itself could not contract, he individually contracts. But here it appears on the face of the contract that there were other trustees besides C. L. Harrison. This is shown by the words, "et al." While the word "trustees" might be considered surplusage, the words "et al" can not be. The contract must be considered as if it had been signed in the name of all the trustees by C. L. Harrison as their agent.

In *Insurance Company* v. *Chase*, 5 Wall., 509, at page 514, the Supreme Court of the United States said:

"It is true, that in the administration of the trust, where there is more than one trustee, all must concur, but the entire body can direct one of their number to transact business, * * * and the acts of the one thus authorized are the acts of all and binding on all. The trustee thus acting is to be considered the agent of all the trustees, and not as an individual trustee."

If, therefore, C. L. Harrison in signing the contract, "The Estate of L. B. Harrison, C. L. Harrison et al, trustees," was acting as agent for all the trustees, then he can not be bound individually, because his principals are disclosed. This was expressly decided by our Supreme Court in *Aungst* v. *Creque*, 72 Ohio St., 551, at pages 554 and 555:

"In other words, such instrument so executed, 'wears no mask, but reveals its character upon its face.' * * * Whether or not a bill or note has been executed by a party in his individual or representative capacity, is in each particular case, a question to be determined from a consideration of the whole instrument. And if, giving full effect to all the terms in which the contract is expressed, it plainly appears from the instrument itself that the true object and intent of its execution is to bind the principal and not the agent, the courts will adopt that construction of it, however informally that intention may be expressed."

Therefore, being of the opinion that specific performance would not be decreed against C. L. Harrison individually on the

contract executed by ''The Estate of L. B. Harrison, C. L. Harrison et al, trustees,'' it necessarily follows that the plaintiffs in this case did not procure an enforceable contract either with the estate of L. B. Harrison, because only one trustee signed, or with C. L. Harrison individually, and therefore, upon the authority of *Pfanz* v. *Humburg, ubi supra,* the defendants are entitled to a judgment.

The defendants like wise contend that the description of the property is not definite enough to decree specific performance and cite in support of this contention a decision of Judge Gorman, *Wertheimer* v. *Korte,* reported in 8 N.P.(N.S.). In that case there was no description by metes and bounds. In the case at bar there is such a description and this distinguishes it from the Korte case.

The defendants likewise contend that they were entitled to a judgment on the authority of *Wilson* v. *Mason,* 158 Ill., 304, 311, which is cited with approval by our Supreme Court in *Pfanz* v. *Humburg,* 82 Ohio St., at page 11. In that case the contract of sale was signed by one of two executors, and the court held that that was not an enforceable contract.

The plaintiffs in this case contend that the Illinois case is not a binding authority upon this court for the reason that the proposition argued in this case, to-wit, individual liability of the trustee signing, was not presented to the Illinois court.

For the reasons stated above I prefer to rest my opinion on the ground that the contract could not be specifically enforced against C. L. Harrison individually, though it must be admitted that the case of *Wilson* v. *Mason,* 158 Ill., 304, is on all fours with the case at bar.

At the close of the plaintiff's testimony the defendant, Statia B. Reynolds individually and also as executrix of the estate of E. B. Reynolds, deceased, moved for a dismissal.

Inasmuch as I am of the opinion that the defendants are entitled to a judgment on the facts and the law, it is unnecessary to determine whether Statia B. Reynolds would have been individually liable or would have been liable as executrix and trustee of the estate of E. B. Reynolds on the contract for com-

missions.   The failure of the plaintiffs to procure an enforceable contract in this case was their own fault.   They should have known that one trustee, in the absence of specific authority, is not authorized to bind his co-trustees.   They, therefore, have no one but themselves to blame in this transaction.

A judgment in accordance with this opinion may be entered for defendants.